**IN THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| JAZMINE JAKEE ELLERBEE, | ) | |
| | ) | |
| | ) | **Civil Action File No.** |
| v. | ) | |
| | ) | **Jury Trial Demand** |
| WALMART INC. and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, Jazmine Jakee Ellerbee (hereinafter referred to as "Ms. Ellerbee), Ms. Ellerbee herein and files this, Complaint against Defendant Walmart INC. (hereinafter referred to as "Defendant Walmart") and John Doe (hereinafter referred to as "Defendant John Doe") as follows:

1.

Ms. Ellerbee is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

2.

Defendant Walmart which is a Foreign Profit Corporation does business in MUSCOGEE County, Georgia, and is subject to the jurisdiction and venue of this Court. Defendant Walmart may be served at its registered agent, The Corporation Company, 410 Peachtree Parkway Suite 4245, Cumming, GA, 30041.

3.

Defendant John Doe was an independent contractor or a contractor for employer of Defendant Walmart on the date of the incident alleged herein. Ms. Ellerbee will substitute the correct party name, should that become necessary, accordingly pursuant to 28 U.S.C.A. § 1391, et seq. and any other applicable provision of the Georgia Civil Practice Act.

Jazmine Ellerbee Complaint

4.

Venue is proper as the Defendants do business within the State of Georgia specifically, Muscogee County Georgia

5.

Jurisdiction is proper in the court as there appears to be complete diversity between the parties.

## STATEMENT OF FACTS

6.

Ms. Ellerbee realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 5 above, as fully restated herein.

7.

On May 14, 2024, Ms. Ellerbee was an invitee lawfully on the premises known as Walmart Supercenter located at 6475 Gateway Road, Columbus, GA 31909 Hereinafter referred to as "Premises". Defendant Walmart as an invitee within the meaning of O.C.G.A. § 51-3-1 (et seq.).

8.

Defendant Walmart owned, occupied, leased, managed, and/or controlled the Premises on the Incident Date and owed invitees a duty to exercise ordinary care to keep the Premises and approaches safe.

9.

A hazardous condition (puddle of water) existed on the Premises, described as an accumulation of liquid on the tile floor near the produce section with no warning signs or barriers.

10.

Defendant Walmart had superior knowledge of the puddle of water near the produce aisle;

Jazmine Ellerbee Complaint

Hereinafter referred to as "Hazard". Ms. Ellerbee, however, had no reason to expect or see the hazard.

11.

Defendant Walmart failed to remove the Hazard or warn Ms. Ellerbee of the Hazard in violation of its statutory and common-law duties.

12.

While exercising ordinary care for her own safety, Ms. Ellerbee slipped on the Hazard and fell, suffering serious bodily injuries.

13.

As a result of Defendant Walmart's negligent conduct caused by the incident described above, Ms. Ellerbee was required to undergo medical treatment for the injuries sustained in the incident.

14.

Ms. Ellerbee has experienced pain and suffering, mental anguish, loss of enjoyment of life, and will continue to suffer damages in the future.

## COUNT I – NEGLIGENCE / PREMISES LIABILITY

15.

Ms. Ellerbee realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 14 above, as fully restated herein.

16.

Defendant Walmart owed Ms. Ellerbee, an invitee, the duty of ordinary care to keep the Premises safe under O.C.G.A. § 51-3-1 (et seq.).

17.

Defendant Walmart breached that duty by:

a. Failing to properly inspect and maintain the Premises;

b. Allowing the Hazard to exist for an unreasonable period;

c. Failing to timely warn invitees of the Hazard; and

d. Violating applicable building, safety, and industry standards.

18.

Defendant Walmart's breach directly and proximately caused Ms. Ellerbee's injuries and other damages.

19.

By virtue of Defendant Walmart's conduct, it is liable to Ms. Ellerbee for the costs associated with medical treatment related to the incident described above.

20.

Further, as a result of Defendant Walmart's negligent conduct caused the incident described above, Ms. Ellerbee has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

21.

By virtue of Defendant Walmart's conduct, it is liable to Ms. Ellerbee, for an amount to make Ms. Ellerbee whole for past, present and future pain and suffering which may well be permanent, as well as other losses.

22.

By virtue of Defendant Walmart's conduct, it is liable to Ms. Ellerbee, for an amount to make Ms. Ellerbee whole for all losses to make her whole.

## COUNT II —JOHN DOE LIABILITY
## RESPONDEAT SUPERIOR

23.

Ms. Ellerbee realleges and reavers the allegations made in Paragraphs 1 through 22 as if fully restated herein.

24.

Defendant John Doe was a contractor or independent contractor which installed or maintained the water components used in the produce section of said Premises.

25.

Defendant John Doe breached its duties by failing to properly install or maintain the water components used in the produce section of said Premises.

26.

By failing to properly install or maintain the water components, it caused water to accumulate to form the Hazard described above.

27.

Defendant Walmart is responsible for the actions of Defendant John Doe due to the doctrine of *respondeat superior*.

28.

Defendant John Doe is liable to Ms. Ellerbee for the costs associated with Ms. Ellerbee's medical treatment related to the injuries sustained.

29.

By virtue of Defendant John Doe's negligence as well as the negligence of Defendant Walmart, they are both liable to Ms. Ellerbee, for an amount to make Ms. Ellerbee whole for, past, present and future pain and suffering which may well be permanent, as well as other losses.

## COUNT III — LIABILITY OF DEFENDANT JOHN DOE

30.

Ms. Ellerbee realleges and reavers the allegations made in Paragraphs 1 through 29 as if fully restated herein.

31.

Defendant John Doe was employed by Defendant Walmart, at the time of the incident, May 14, 2024.

32.

Defendant John Doe was a contractor or independent contractor which installed or maintained the water components used in the produce section of said Premises.

33.

Defendant John Doe breached its duties by failing to properly install or maintain the water components used in the produce section of said Premises.

34.

By failing to properly install or maintain the water components, it caused water to accumulate to form the Hazard described above.

35.

Defendant John Doe was in the scope and course of his/her/its employment with Defendant Walmart, at the time of the subject incident. At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises. Defendant John Doe knew, or in the exercise of reasonable care, should have known, of the hazardous condition or should have warned Ms. Ellerbee of the unsafe conditions.

36.

Defendant John Doe was an agent for Defendant Walmart due to his/her/its on-sight position with Defendant Walmart.

37.

Defendant Wal-Mart is liable to Ms. Ellerbee for the costs associated with Ms. Ellerbee's medical treatment related to the injuries sustained.

38.

By virtue of the conduct of Defendant John Doe, in violation of O.C.G.A. § 51-3-1, failure to maintain a safe premises for invitees, Defendant John Doe was negligent *per se.*

39.

Further, as a result of the negligence of Defendant John Doe, Ms. Ellerbee, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

40.

By virtue of Defendant Walmart's failure to maintain safe and secure the premise for invitees as well as the negligence of Defendant Doe, they are both liable to Ms. Ellerbee, for an amount to make Ms. Ellerbee whole for tangible losses due to the Defendants' negligence.

41.

**WHEREFORE**, Ms. Ellerbee prays that this Honorable Court issue a judgment against the Defendants for:

a. A summons and process be issued according to law against Defendant Walmart and Defendant John Doe;

b. Any and all past, present and future medical bills for Ms. Ellerbee's, medical bills which resulted from this incident described herein as determined from the enlightened conscious

Jazmine Ellerbee Complaint

of the jury;

c.  Any and all past, present and future physical, emotional, pain and suffering and any other

    damages to be decided by the enlightened conscience of the jury;

d.  Any and all tangible losses incurred by Ms. Ellerbee;

e.  Any and all costs of this action;

f.  Any other such relief as this Honorable Court deems fit.

g.  A trial by jury.


This _____ day of March, 2026.


                                        **KANNER & PINTALUGA**

                                        */s/ Robert L. Jenkins/s/*
                                        Robert L. Jenkins, Esq.
                                        Attorney for Ms. Ellerbee
                                        Georgia State Bar No. 390910



201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com
Electronic Service: GAPleadings1@kpattorney.com

Jazmine Ellerbee Complaint